**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALECIA KIRBY,

and

CARLOS CRUZ,

     Plaintiffs,

v.                           Case No.:


L.F. SHERWIN,
Individually and in his official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

E.M. MEGELA,
Individually and in his official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

JOHN DOE #1
Individually and in his official
capacity as an officer with the
Jacksonville Sheriff's Office,

and,

JOHN DOE #2
Individually and in his official

1

capacity as an officer with the
Jacksonville Sheriff's Office,

and,

SHERIFF MIKE WILLIAMS,
CITY OF JACKSONVILLE, FLORIDA,
In his official capacity,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      **COME NOW** the Plaintiffs, Alecia Kirby and Carlos Cruz (collectively the "Plaintiffs"), by and through their undersigned counsel, and by way of this Complaint seeks relief against the above-named Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

      1.     Plaintiff Alecia Kirby, is an adult female who is a citizen of and resides in the City of Jacksonville, Duval County, Florida.  At all times relevant herein, Plaintiff was a resident within the Middle District of Florida, Jacksonville Division.

      2.     Plaintiff Carlos Cruz, is an adult male who is a citizen of and resides in the City of Jacksonville, Duval County, Florida.  At all times relevant herein, Plaintiff was a resident within the Middle District of Florida, Jacksonville Division.

      3.     Defendant L.F. Sherwin (#79967) was at all times relevant to this

case a police officer with the Jacksonville Sheriff's Office.  Defendant Sherwin is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

4.    Defendant E.M. Megela (#76499) was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office.  Defendant Megela is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

5.    Defendant John Doe #1 ("Doe #1") was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

6.    Defendant John Doe #2 ("Doe #2") was at all times relevant to this case a police officer with the Jacksonville Sheriff's Office.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.

7.    Defendant Sheriff Mike Williams was at all times relevant to this case the Sheriff of the City of Jacksonville and is being sued in his official capacity. Defendant Sheriff Williams is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law.  In addition, at all times relevant herein Defendant Williams is responsible for the training, supervision, discipline, control and conduct of officers of the Jacksonville Sheriff's Office.

8.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.

9.    The acts complained of herein occurred in Duval County, Florida. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10.    On May 25, 2020, in Minneapolis, Minnesota an African American male, George Floyd, died after being handcuffed and pinned to the ground by a police officer's knee in an episode that was captured on video.  The death of George Floyd drew widespread outrage after a video circulated online showing Officer Derek Chauvin holding his knee on Mr. Floyd's neck on a Minneapolis street corner as Mr. Floyd gasped for breath.

11.    The awareness of the George Floyd death touched off nationwide protests over police brutality and a public reckoning over everything from public monuments to sports team names. This included public protests in the City of Jacksonville, Florida.[1]

---

[1] Close in time to the George Floyd death was the death of Breonna Taylor, a 26-year-old African-American woman, was fatally shot in her Louisville, Kentucky, apartment on March 13, 2020, by white police officers.  *Browne, Malachy; Singhvi, Anjali; Reneau, Natalie; Jordan, Drew (December 28, 2020). "How the Police Killed Breonna Taylor". The New York Times. Archived from the original on December 28, 2020.*  Plaintiffs herein had both lived in Louisville, Kentucky and the killing of Ms. Taylor in addition to the death of Mr. Floyd were part of their motivation for participation in the protests on May 30, 2020.

12.    Media in the City of Jacksonville reported that on May 30, 2020, the

Following occurred:

> Thousands of people in Jacksonville joined many other people across the nation Saturday, for a demonstration following the death of George Floyd.
> They're called the 'I Can't Breathe' protests, referring to some of the last words Floyd spoke while an officer had his knee on Floyd's neck.

https://www.news4jax.com/news/local/2020/05/30/demonstrators-in-jacksonville-join-national-i-cant-breathe-protests/

13.    Plaintiffs Alecia Kirby and Carlos Cruz participated in the public

protest in the City of Jacksonville on May 30, 2020.

14.    At all times relevant herein, Plaintiff Kirby was exercising her

Constitutional right to gather with the public and express important public policy

concerns.

15.    At all times relevant herein, Plaintiff Cruz was exercising his

Constitutional right to gather with the public and express important public policy

concerns.

16.    At all times relevant herein, Plaintiff Kirby acted in a lawful manner

and committed no acts that would give rise to actual or arguable probable cause for

her arrest for an unlawful act.

17.    At all times relevant herein, Plaintiff Cruz acted in a lawful manner

and committed no acts that would give rise to actual or arguable probable cause for his arrest for an unlawful act.

18.    Notwithstanding the peaceful and lawful exercise of their Constitutional rights of speech and assembly on May 30, 2020, Plaintiffs Kirby and Cruz were attacked during daylight hours without cause by JSO officers at or near the intersection of Bay St. East and Newnan St. North.

19.    The attack by JSO officers on the Plaintiffs, as well as other citizens assembled, was planned and executed by the management of the City of Jacksonville Sheriff's Office, including Defendant Sheriff Williams.

20.    At this time, City of Jacksonville Sheriff police officers began to fire crowd deterrents, such as tear gas, while a large number of officers blocked off the intersections and potential routes for those peacefully demonstrating like Plaintiffs to vacate the scene.

21.    Still during daylight hours, City of Jacksonville Sheriff police officers then began to push forward, and Plaintiff Kirby was singled out while being forcefully taken to the ground by an officer. At no time did the officer that forcefully took Plaintiff Kirby to the ground speak any commands to Plaintiff Kirby and did not at any time claim that Plaintiff Kirby was being placed under arrest.

22.    At the time Plaintiff Kirby was singled out, she was attempting to leave

6

the area with her hands in the air, along with numerous other citizens, stating "Hands up, don't shoot."

23.     While pinned to the asphalt on the street and demobilized, Plaintiff Kirby was kicked in the face by a police officer and the officer deliberately slammed Plaintiff Kirby's head downwards into the pavement of the street. While on the ground, Plaintiff Kirby went in and out of consciousness. The same officer continued to restrain Plaintiff Kirby with force using a hand to keep her head to the asphalt.

24.      Plaintiff Kirby was later diagnosed with a concussion following these events.

25.     Plaintiff Cruz was also attacked by City of Jacksonville police officers at this time when a police officer approached Plaintiff Cruz and without making any statement or command began to choke Plaintiff Cruz at the neck. Plaintiff Cruz was then forcefully taken to the pavement by that police officer and he suffered an injury to a knee.

26.     Defendant L.F. Sherwin, a patrol officer with the Jacksonville Sheriff's Office ("JSO"), is the arresting officer on the Arrest Report for Plaintiff Kirby and thereby committed an unconstitutional act of placing Plaintiff Kirby unlawfully under arrest.

27.     Defendant E.M. Megela, a patrol officer with JSO, is the arresting

officer on the Arrest Report for Plaintiff Cruz and thereby committed an unconstitutional act of placing Plaintiff Cruz unlawfully under arrest.

28.    Defendant Doe #1, a patrol officer with JSO, is the additional officer that attacked and beat Plaintiff Kirby on May 30, 2020, and thereby committed an unconstitutional act of unlawfully attacking Plaintiff Kirby and unlawfully placing her under arrest.

29.    Defendant Doe #2, a patrol officer with JSO, is the additional officer that attacked and beat Plaintiff Cruz on May 30, 2020, and thereby committed an unconstitutional act of unlawfully attacking Plaintiff Cruz and unlawfully placing him under arrest.

30.    At all times relevant herein, Plaintiffs did not commit any acts of violence towards any of the Defendants or anyone else, nor did they threaten any Defendants or anyone else physically in any way.

31.    Defendants had no probable cause or reasonable suspicion that Plaintiffs had committed any crime at the time Plaintiffs were attacked and arrested by Defendants.

32.    Each of the Defendants and other JSO officers were in close proximity to the beating of Plaintiffs and failed to take any reasonable steps to protect Plaintiffs from the use of excessive force by the Defendants.

33.    Plaintiff Kirby suffered several physical injuries as a result of the beating by Defendants, including but not limited to: a concussion, facial contusions and lacerations, and other injuries.

34.    Plaintiff Cruz suffered several physical injuries as a result of the beating by Defendants, including but not limited to: contusions and lacerations, and other injuries.

35.    At the end of the beating, Plaintiffs Kirby and Cruz were transported by JSO officers to the City of Jacksonville Pretrial Detention Facility ("PDF"), where they were incarcerated for approximately two (2) days and three (3) days, respectively.

36.    Once at the PDF, Plaintiff Kirby informed JSO correctional officers of a medical condition she suffers involving her kidney, but her requests for medical attention were denied or delayed.

37.    Plaintiff Kirby endured vomiting throughout her time in the PDF due to her health condition. Despite Plaintiff Kirby bringing to the attention of JSO correctional officers a bio-hazard bag containing yellow bile in her vomit, she continued to be denied medical attention. Plaintiff Kirby was also denied any drinking water or drinking vessel and resorted to drinking out of the sink.

Additionally, Plaintiff Kirby was not provided regular meals, and was skipped at separate meal times.

38.    While in the PDF, Plaintiff Kirby was verbally assaulted and harassed by JSO correctional officers a number of times. In one instance, a supervising JSO corrections officer made a threatening statement regarding the "killing" of the protesters. After Plaintiff Kirby informed another JSO corrections officer of this threatening statement, the officer responded to the effect of: "Shut up, y'all are killing us, so why not?"

39.    While at the PDF, Plaintiff Cruz's knee injury was not appropriately treated for the duration of his incarceration.  Plaintiff Cruz was later treated at a hospital for this injury.

40.    Further evidence of a policy, practice and custom of the City of Jacksonville's Sheriff to violate the rights of the Plaintiffs, among other citizens, is demonstrated by the events of May 31, 2020, when JSO engaged in similar events and violations of those peacefully protesting, and otherwise exercising their Constitutional rights, essentially repeating the Constitutional violations that had been inflicted upon the Plaintiffs and other citizens on May 30, 2020.

41.    All conditions precedent to this action, if any, have been have been met for each claim brought in this Complaint, and each such claim is timely brought.

## COUNT ONE
**Violation of Fourth Amendment Protections
Pursuant to 42 U.S.C. §1983-Excessive Force
(All Defendants)**

42.    Plaintiffs incorporate by reference herein and reallege the allegations in Paragraphs 1 through 41 above as though set forth fully herein.

43.    Plaintiffs were arrested on May 30, 2020, without any probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

44.    While Plaintiff Kirby was being unlawfully detained, Defendants Sherwin and/or Doe #1used excessive force against Plaintiff Kirby by, including but not limited to:  beating Plaintiff, slamming Plaintiff's head into street pavement for no reason, kicking Plaintiff in the head and subjecting Plaintiff to other physical harm and abuse.

45.    While Plaintiff Cruz was being unlawfully detained, Defendants Megela and/or Doe #2 used excessive force against Plaintiff Cruz by, including but not limited to:  beating Plaintiff Cruz, choking Plaintiff and subjecting Plaintiff to other physical harm and abuse.

46.    The use of force against Plaintiffs as set forth herein was excessive, unreasonable, and in violation of the Fourth Amendment of the United States Constitution.

47.     Each of the Defendants and other JSO officers were in close proximity to the Plaintiffs during the use of excessive and unreasonable force by the Defendants, and each Defendant as well as other JSO officer failed to take any reasonable steps to protect Plaintiffs from the use of excessive force by the Defendants.

48.     The policies, practices and customs of Defendant Williams and the Jacksonville Sheriff's Office allowed JSO police officers to physically abuse those lawfully protesting and assembling on May 30, 2020, and use excessive force without fear that other officers will stop and/or report such abuse. Defendant Sheriff Williams and the Jacksonville Sheriff's Office also failed to train JSO officers how to prevent such acts of violence by other officers as well as what actions should be taken if an officer is a witness to an attack by another officer.  Defendant Williams and the Jacksonville Sheriff's Office have a Constitutional duty to citizens, including Plaintiffs, to conform to the requirements of the Constitution of the United States regarding the use of force during a Constitutional assembly of citizens.

49.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an

award including, but not limited to, economic, compensatory, consequential and punitive damages against the individual Defendants.

## COUNT TWO
### Battery
### (Defendants Sherwin, Megela, Doe #1 and Doe #2)

50.    Plaintiffs incorporate by reference herein and reallege the allegations in Paragraphs 1 through 41 above as though set forth fully herein.

51.    While Plaintiff Kirby was being unlawfully detained, Defendants Sherwin and/or Doe #1 intentionally used excessive force against Plaintiff Kirby by, including but not limited to:  beating Plaintiff, slamming Plaintiff's head into street pavement for no reason, kicking Plaintiff in the head and subjecting Plaintiff to other physical harm and abuse.

52.    While Plaintiff Cruz was being unlawfully detained, Defendants Megela and/or Doe #2 intentionally used excessive force against Plaintiff Cruz by, including but not limited to: beating Plaintiff Cruz, choking Plaintiff and subjecting Plaintiff to other physical harm and abuse.

53.    As a direct and proximate result of the individual Defendants' actions, Plaintiffs have suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and

embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against said Defendants.

## COUNT THREE
### Violation of Fourth Amendment Protections
### Pursuant to 42 U.S.C. §1983-False Arrest
### (All Defendants)

54.    Plaintiffs incorporate by reference herein and reallege the allegations in Paragraphs 1 through 41 above as though set forth fully herein.

55.    Defendant Sherwin and/or Doe #1 attacked and arrested Plaintiff Kirby without any probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

56.    Defendant Megela and/or Doe #2 attacked and arrested Plaintiff Cruz without any probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

57.    While Plaintiff Kirby was being unlawfully detained, Defendants Sherwin and Doe #1 used excessive force against Plaintiff Kirby.

58.    While Plaintiff Cruz was being unlawfully detained, Defendants Megela and Doe #2 used excessive force against Plaintiff Cruz.

59.    The use of force against Plaintiffs was excessive, unreasonable, and in violation of the Fourth Amendment of the United States Constitution.

60.    Each of the Defendants were in close proximity to the Plaintiff during

14

the use of excessive and unreasonable force by the other Defendants, and each Defendant failed to take any reasonable steps to protect Plaintiffs from the use of excessive force by the other Defendants.

61.    The policies, practices and customs of Defendant Williams and the Jacksonville Sheriff's Office allowed JSO police officers to physically abuse those lawfully protesting and assembling on May 30, 2020, and use excessive force without fear that other officers will stop and/or report such abuse.  Defendant Williams and the Jacksonville Sheriff's Office also failed to train JSO officers how to prevent such acts of violence by other officers as well as what actions should be taken if an officer is a witness to an attack by another officer.  Defendant Sheriff Williams and the Jacksonville Sheriff's Office have a Constitutional duty to citizens, including Plaintiffs, to conform to the requirements of the Constitution of the United States regarding the use of force during a Constitutional assembly of citizens.

62.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer physical injuries as well as emotional distress, including personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against Defendants.

**COUNT FOUR**
**Violation of First Amendment Free Speech**
**Pursuant to 42 U.S.C. §1983**
**(All Defendants)**

63.     Plaintiffs incorporate by reference herein and reallege the allegations

in Paragraphs 1 through 41 above as though set forth fully herein.

64.     The Free Speech Clause of the First Amendment to the U.S.

Constitution provides that "Congress shall make no law ... abridging the freedom of

speech." This provision applies fully to state and municipal governments, including

Defendants, through the Due Process Clause of the Fourteenth Amendment to the

U.S. Constitution.

65.     The opportunity to peacefully assemble and protest is a right guaranteed

under the U.S. Constitution.

66.     The acts of the Defendants on May 30, 2020, as set forth herein reflects

a policy, custom, and practice of limiting and deterring free speech.

67.     Plaintiffs' speech on May 30, 2020, by attending and participating in

the lawful assembly and protest in the City of Jacksonville, was a substantial or

motivating factor and was a determinative consideration in the action by Defendants

in attacking and arresting Plaintiffs.

68.     Defendants were acting under color of the authority of the State of

Florida when Defendants interfered with the right of free speech by Plaintiffs on May 30, 2020.

69.    Defendants Sherwin, Megela, Doe #1 and Doe #2's actions violated the clearly established rights of Plaintiffs of which reasonable persons in said Defendants' position should have known.

70.    Defendants Sherwin, Megela, Doe #1 and Doe #2's actions against Plaintiffs in violation of Plaintiffs' First Amendment rights, were retaliatory, and represented the official custom, policy, or practice of Defendant Williams.

71.    Defendants Sherwin, Megela, Doe #1 and Doe #2's individual actions and omissions were willful, wanton, intentional, conscious and malicious and in deliberate disregard of Plaintiffs' First Amendment rights.

72.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer damages.

## COUNT FIVE
### Negligence
### (Defendant Mike Williams)

73.    Plaintiffs incorporate by reference herein and reallege the allegations in Paragraphs 1 through 41 above as though set forth fully herein.

74.    The Plaintiffs were injured as a result of a wrongful and unjustified

conduct of JSO officers under the direction and control of Defendant Sheriff Williams.

75.    Plaintiffs were seriously injured and had their rights violated due to the negligence of Defendant Sheriff Williams.

76.    As a direct and proximate result of Defendant Sheriff Williams' actions, Plaintiffs have suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant the following relief:

(1)    Enter judgment on behalf of Plaintiffs against Defendants;

(2)    Award damages for economic damages resulting from the physical injuries suffered by Plaintiffs in amounts to be determined by the jury;

(3)    Award Plaintiffs compensatory damages against Defendants in amounts to be determined by the jury;

(4)    Award Plaintiffs reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and,

(5)    Such other or further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims in this Complaint.

Dated:  March 26, 2021                    Respectfully submitted,

                                          HENRICHSEN LAW GROUP
                                          301 W. Bay Street, Suite 1400
                                          Jacksonville, Florida 32202
                                          (904) 381-8183
                                          Fax: (904) 212-2800

                                          */s/ Neil L. Henrichsen*
                                          Neil L. Henrichsen
                                          Fla. Bar No.: 0111503
                                          nhenrichsen@hslawyers.com
                                          service@hslawyers.com

                                          Attorneys for Plaintiffs